# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GERALD S. MAYEK,**

    Plaintiff,

v.                                              Case No. 22-CV-691

**DANIEL LAVOIE,**

    Defendant.

## ORDER

On June 16, 2022, Gerald S. Mayek, who is incarcerated and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) Mayek filed an amended complaint on June 28, 2022. (ECF No. 7.) On August 29, 2022, District Court Judge Lynn Adelman screened his complaint and allowed him to proceed on Eighth Amendment deliberate indifference to medical needs claim against a John Doe defendant. (ECF No. 9.) On November 7, 2022, Mayek identified the John Doe defendant as Daniel LaVoie. (ECF No. 14.)

On December 20, 2022, LaVoie answered the amended complaint. (ECF No. 22). The answer did not include an affirmative defense that the claim was released by a settlement agreement nor did Lavoie move for judgment on the pleadings. On December 27, 2022, this case was reassigned to this court because the parties consented to magistrate judge jurisdiction. On February 3, 2023,

LaVoie filed a motion to dismiss asserting that the claim is precluded by the doctrine of release because the claim was released by a settlement agreement for three lawsuits in the Federal District Court for the Western District of Wisconsin. The court takes judicial notice of the settlement agreement, *see* W.D. Wis. Case No. 19-cv-811 at ECF NO. 240-1. The settlement agreement was fully executed on April 25, 2022, and Mayek received a settlement check. (ECF No. 26 at 2.) In the settlement agreement, under paragraph 3, Mayek released all claims against the State of Wisconsin, the Wisconsin Department of Corrections, and all of its employees for any "action or inaction . . . that took place on any date before this Agreement is fully executed." (ECF No. 23 at 3.) In paragraph 4, Mayek promised not to sue the State, the DOC, or any of its employees for any action or inaction that occurred before the date the agreement was executed. (*Id.*)

Mayek, in response, states that because he did not have his reading glasses, he signed the agreement without reading it. (ECF No. 24 at 2.) Mayek also accuses LaVoie's attorney of lying and adding cases to the settlement agreement. (ECF No. 25.) Additionally, he asserts that his case should not be dismissed because he filed it in June 2022, which was after April 25, 2022, and is "well outside the scope of the fully executed agreement." (ECF No. 27 at 2.)

First, the court will excuse LaVoie for failing to use the proper procedure to raise this affirmative defense. An affirmative defense of release may not typically be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because it is not that Mayek failed to state a claim in his complaint but that he

waived his right to make the claim. As such, LaVoie should have moved for a judgment on the pleadings under Rule 12(c). "However, a party's failure to use the correct procedure is harmless when all the facts necessary to rule on the affirmative defense are properly before the district court on the motion to dismiss. *Oliver v. Jess*, Case No. 21-C-653, 2022 WL 1555241 at *1 (E.D. Wis. May 17, 2022) (citing *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 745 (7th Cir. 2017)).

Under the terms of the settlement agreement, it is clear that Mayek waived his right to bring this suit, and his case must be dismissed. Mayek's argument that his claims fall outside the scope of the agreement misunderstands the scope of the agreement—the key date is not when the lawsuit was filed, but when the activity that is the subject of the lawsuit occurred. The events of Mayek's lawsuit took place *before* April 25, 2022, thus he waived his right to sue for those events in the settlement agreement. It is irrelevant that he filed the suit after April 25, 2022.

As to Mayek's argument that LaVoie's counsel misrepresented the settlement agreement or otherwise lied, these assertions are not based in evidence or fact, and the court will disregard them.

Additionally, the fact that Mayek did not read the settlement agreement before signing it does not void the agreement. Wisconsin state law governs the settlement agreement, and under Wisconsin contract law, only mutual mistake or fraud will render the terms inapplicable. *Nauga, Inc., v. Westel Milwaukee Co.*,

216 Wis. 2d 306, 315, 576 N.W. 2d 573, 577 (Wis. Ct. App 1998). There is no evidence of either.

**IT IS THEREFORE ORDERED** that LaVoie's motion to dismiss (ECF No. 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under the doctrine of release. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rules of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 60(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 60(b)(2).

A party is expected to closely review all applicable rules and determine,

what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 5th day of June, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge